IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEROSKY T. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:13cv201-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.  INTRODUCTION

Plaintiff, Jerosky T. Caldwell, protectively filed an application for supplemental security income and for disability insurance benefits, but his application was denied at the initial administrative level.  As a result, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which he found Plaintiff "not disabled" at any time through the date of the decision.  Plaintiff then sought review from the Appeals Council, but that request was rejected.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was twenty-four years old at the time of the hearing before the ALJ and had completed high school and some college classes.  Tr. 16.  Plaintiff's past relevant work was as a cabinet/parts assembler.  Tr. 23-24.  Following the administrative hearing, and employing the five-step process, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since . . . the alleged onset date."  (Step 1)  Tr. 13.  At Step 2, the ALJ found that Plaintiff suffered from the following severe impairments:  "history of substance induced psychosis with underlying psychotic disorder possibly related to head trauma, depression, and a history of substance abuse."  *Id*.  At Step 3, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or medically equal any listed impairment.  *Id*.  Next, the ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels, with nonexertional limitations that prevented him from working with hazardous machinery, working at unprotected heights, operating motor vehicles, and with no more than occasional contact with the general public.  Tr. 15.  Following the RFC determination, and after consulting with the VE, the ALJ found that Plaintiff could perform past relevant work as a cabinet/parts assembler. (Step 4) Tr. 24.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from [the alleged onset date], through the date of th[e] decision."  *Id*.

5

IV.    **PLAINTIFF'S CLAIMS**

Plaintiff requests the court reverse the ALJ's decision because: (1) "the ALJ failed to evaluate the medical opinions of the psychological state agency consultant as required by Social Security Ruling 96-6p"; (2) "the ALJ's RFC finding lacks the support of substantial evidence as the medical opinions expressed by Drs. Daniels and Garner include more restrictions than [the] RFC assessment"; and (3) "the Appeals Council failed to show in its written denial that it adequately evaluated the new evidence submitted by [Plaintiff] before denying review."  Pl.'s Br. (Doc. 12) at 3.

V.    **DISCUSSION**

A.    *The ALJ's evaluation of the psychological state agency consultant.*

Plaintiff argues that the ALJ failed to properly evaluate Dr. Cooper's medical opinion in accordance with Social Security Ruling 96-6p ("SSR 96-6p").  Specifically, Plaintiff argues that the ALJ failed to explain the weight given to Dr. Cooper's opinion. The Commissioner concedes that the ALJ failed to explicitly state the weight given to the doctor's opinion, but argues that that the ALJ "implicitly" gave the doctor's opinion little weight.

Dr. Cooper is a state agency consultant, and her medical opinion at issue is that Plaintiff could miss 1-2 days of work per week due to his mental impairments.   The Commissioner argues that the conflict this opinion creates with the RFC evidences the ALJ's rejection of this opinion.  The Commissioner also argues that Dr. Cooper's opinion

is in conflict with Dr. Thornton's opinion that Plaintiff's prognosis for stabilization and future employment was "fair to good" and Dr. Daniels's opinion, which was rendered two years after Dr. Cooper's.  Def.'s Br. (Doc. 18) at 11-12.  The problem with the Commissioner's position is that she is merely speculating as to the basis for the rejection of Dr. Cooper's opinion.  Dr. Thornton also opined that Plaintiff was "not currently able to work."  Tr. 20.  And while Dr. Daniel's opinion was rendered after Dr. Cooper's, the ALJ explicitly relied on Dr. Cooper's opinion in making the determination at Step 3.  *See* Tr. 15 ("In this case the evidence fails to establish the presence of the 'paragraph C' criteria, based on the Psychiatric Review Technique assessment completed by Amy Cooper, M.D.").  Thus, Dr. Cooper's opinions were relevant and the ALJ relied on them in making his determination.

The only case law cited by the Commissioner in support of her position against remand are *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009), which address the burden of proof for remand and *C.f. Wall v. Astrue,* 561 F.3d 1048, 1069 (10th Cir. 2009), for the proposition that the "court should not reverse for error that, 'based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings.'"  Def.'s Br. (Doc. 18) at 12.  In this case, remand is necessary not simply because the ALJ failed to comply with the regulations, but because without the ALJ's explanation as to whether this specific portion of Dr. Cooper's opinion was rejected and why, the court is faced with problematic speculation.

**B.      *The ALJ's RFC finding in relation to doctors Daniels and Gardner.***

As to Plaintiff's second issue, the court finds this claim to be without merit. Plaintiff complains that the RFC did not incorporate all of the limitations contained within doctors Daniels's and Gardner's opinions.  Specifically, Dr. Daniels opined that Plaintiff would experience moderate limitations with respect to co-workers and supervisors and changes in routine work settings and Dr. Garner suggested that Plaintiff have limited contact with coworkers.  Plaintiff fails to then demonstrate how these opinions are in conflict with the RFC and the ALJ's determination that Plaintiff could return to his former past relevant work. The court will not suppose arguments on Plaintiff's behalf and finds no error here.

**C.      *The Appeals Counsel's denial of review.***

As to the third issue, Plaintiff argues that remand is necessary because the "Appeals Council failed to show in its written denial that it adequately evaluated the new evidence submitted by Mr. Caldwell before denying review."  Pl.'s Br. (Doc. 12) at 10. The new evidence to which Plaintiff points was "nine additional progress notes from East Alabama Mental Health evidencing nine different administrations of Risperdal injections (Tr. 226-234)."  *Id.*  Plaintiff acknowledges that the Appeals Counsel specifically stated that they considered the additional evidence in their decision to deny review, but argues that the Appeals Counsel's perfunctory adherence to the ALJ's decision was error.  *Id.* at

12.  The Commissioner responds that this argument makes no sense.  Def.'s Br. (Doc. ) at 3.

Plaintiff's argument rests on the decision in *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011), wherein the court stated that "apart from acknowledging that [Plaintiff] has submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it."  *Id.*  Plaintiff argues the same is true in this case.  While it is true that the language chided in *Flowers* was the same used by the Appeals Counsel in this case and that there is no further mention by the Appeals Counsel regarding the additional evidence, "the very next sentence of the [*Flowers*] opinion states that "[f]urthermore, there is a reasonable possibility that [Plaintiff's] new evidence would change the ALJ's decision."  *Gichuru v. Astrue*, 2013 WL 1178723 at *14 (N.D. Ala. Mar 20, 2013).  Indeed, the Appeals Counsel will only grant review if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

In his Brief, Plaintiff merely references the new evidence, then argues that the Appeals Counsel's decision was perfunctory adherence.  In his Reply Brief, Plaintiff again strictly relies on *Flowers*, and also states in one line that "the Appeals Council herein perfunctorily adhered to the ALJ's decision without making an attempt to evaluate the progress notes revealing continued auditory hallucinations despite medication compliance."  Pl.'s Reply Br. (Doc. 23) at 3.  Plaintiff in no way has carried his burden to

show that the records create a reasonable probability that the ALJ's decision would be changed.  Most of the records overlap the time period of Dr. Daniels's report, which discusses Plaintiff's reports of auditory hallucinations.  The ALJ discussed at great length the medical evidence of record which included several reports of Plaintiff's claims of auditory hallucinations.  The ALJ's opinion also discusses Plaintiff's illegal drug use and Dr. Garner's opinion that "the continued use of substances exacerbates [Plaintiff's] conditions."  Tr. 17.  This is important because only two of the additional nine records evidence self-reports of auditory hallucinations, one from March 28, 2011 and that other from August 1, 2011; the rest do not.  The March 28th report states that Plaintiff is "chronically noncompliant" with his medication, a May 9, 2011 report quotes Plaintiff as saying that he gets "drunk every now and then," and the August 1st report describes Plaintiff's current status as "appears high."  *See* Tr. 438-47.  Nothing in these records show a "reasonable possibility that the new evidence would change the administrative outcome."  *Hyde*, 823 F.2d at 459.  Accordingly, the court finds no error in the Appeals Counsel's denial of review.

## VI.   CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for the ALJ to properly state the weight given to Dr. Cooper's opinion and the basis for any rejection of the doctor's

opinion, in compliance with Social Security Ruling 96-6p ("SSR 96-6p").   A separate

judgment will issue.

Done this 18th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE